## No. 568

### MARMORSTEIN, Rec. v. SCHUNCK

No. 19840. Supreme Court

On motion to certify. Dock. May 25, 1926.

829. NEGLIGENCE—Is it negligence on the part of the owner of an apartment building to maintain an elevator wherein the gate on said elevator has grill work by which it is possible for an infant to be injured by thrusting a limb through the grill work?

Beverley Jane Schunck, an infant, two and a half years old, brought this suit originally in the Cuyahoga Common Pleas against Max Marmorstein, Receiver of Walther apartments for damages sustained for personal injuries received while riding in an elevator in the apartments.

It appears that the elevator was operated by the passengers by pushing a small switch. The infant thrust her foot through the open grill work in the gate of the elevator and

was injured thereby. The claim of negligence is that the gate was defectively constructed in that adequate protection was not afforded passengers.

The judgment of the Common Pleas in favor of the receiver was reversed by the Appeals on the ground that the court ·erred in charging the jury concerning contributory negligence.

The court charged the jury in part as follows:

"If you find from the evidence that the injury was the result of an unavoidable accident or that the defendant was not guilty of negligence, or if you find from the evidence that plaintiff herself was guilty of negligence contributing to her injury, then the plaintiff cannot recover and your verdict should be for the defendant. You are instructed that in order to relieve himself from negligence in this case it was the duty of the defendant to provide a reasonably safe appliance to be used as an elevator in this apartment - - - - ordinarily care on the part of a child however is a different degree of care from that required by an adult. The degree of care expected from this plaintiff is the care that would ordinarily be exercised by a child of her age and capacity."

The receiver in the Supreme Court contends that the trial court correctly charged the jury concerning contributory negligence.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Pltf.; Payer, Winch, Minshall & Karch, Cleveland, for Deft.